## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MANUEL A CANO SANTAMARIA,** | **Case No. 26–cv–09516–ESK** |
| **Petitioner,** | |
| v. | **OPINION AND ORDER** |
| **LUIS SOTO, *et al.*,** | |
| **Respondents.** | |

**THIS MATTER** is before the Court on petitioner Manuel A Cano Santamaria's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).   (ECF No. 1.)

1.   Petitioner is a citizen of Colombia.   (ECF No. 5 p. 1.)   He entered the United States on a tourist visa in 2021.   (*Id.*)

2.   The Department of Homeland Security (Department) arrested petitioner on July 21, 2026.   (*Id.*)

3.   Petitioner was scheduled for a bond hearing on August 4, 2026. (ECF No. 1–4.)   On July 29, 2026, petitioner was informed that he was to be transferred to a different detention facility.   (ECF No. 1 ¶ 7.)   The Petition alleged that the bond hearing would be cancelled due to the transfer.   (*Id.* ¶ 8.)

4.   Respondents filed an answer on August 4, 2026 stating that petitioner was being detained pursuant to 8 U.S.C. § 1226(a) and that his bond hearing took place as scheduled.   (ECF No. 5 p. 2.)

5.   Respondents subsequently informed the Court that the immigration judge released petitioner on $ 7,500 bond and with monitoring requirements. (ECF No. 6–1 p. 2.)

6.   Petitioner did not file a response.

7.   Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8.   "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."   *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

9.   "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018).   Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'"   *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)).   "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well."   *Id.*

10.   Petitioner had his bond hearing on August 4, 2026.   (ECF No. 6–1.) Petitioner has had the process to which he was entitled pursuant to §1226(a).

Accordingly,

**IT IS** on this   **10th** day of **August 2026**   **ORDERED** that:

1.   Petitioner's § 2241 Petition is **DISMISSED AS MOOT**.

2.   Any restrictions imposed on petitioner's location are **LIFTED**.

3.   The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

2